In the

# United States Court of Appeals

### For the Seventh Circuit

No. 15-1212

CANDICE MCCURDY,

*Plaintiff-Appellant*,

*v.*

DAVID FITTS and JEFF GILL,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 13-cv-455-SMY-SCW— **Staci M. Yandle**, *Judge*.

ARGUED NOVEMBER 3, 2015 — DECIDED JUNE 13, 2016

Before WOOD, *Chief Judge*, EASTERBROOK, *Circuit Judge*, and BRUCE, *District Judge*.[*]

EASTERBROOK, *Circuit Judge*. Candice McCurdy, a patrol deputy with the Williamson County Sheriff's Department, applied for a job as an inspector with the Southern Illinois Enforcement Group, which investigates drug crimes. She

[*] Of the Central District of Illinois, sitting by designation.

was selected, subject to a background check. While that check was conducted, she remained in her deputy's post. Agent Barbee Braddy, who conducted the check, recommended that she not be hired. Braddy discovered that McCurdy had recently filed for bankruptcy and was in a long-term relationship with Jon Mohring, who belonged to a biker gang associated with criminal activity. Braddy thought that these facts made McCurdy unsuitable for a more responsible job, particularly given what had happened when the Group hired Caleb Craft. He, too, had been in financial difficulty and had some criminal associates, and he was fired when the Group discovered that he was stealing drugs and money from the unit. McCurdy wanted to fill the Craft vacancy; following the adage "once burned twice shy" the Group decided to look elsewhere.

In this suit under 42 U.S.C. §1983, McCurdy contends that the officers who made these decisions engaged in sex discrimination. She offers two theories: first, that she would have been promoted immediately had she been a man; second, that the Group gave her background and associates more scrutiny than it does for male applicants. She does not deny that the Group had legitimate reasons for thinking that someone else would be more suitable; instead she contends that the Group would not have discovered these matters had the applicant been male. The district court, however, granted summary judgment for the defendants, ruling that McCurdy was treated the same as a male applicant would have been.

The district court's conclusion is well founded with respect to the hiring decision, because Agent Braddy testified in discovery that she investigated McCurdy exactly the same way as she investigates other applicants, and that she *always*

checks financial details and romantic entanglements. Indeed, Braddy had investigated Craft and recommended that he not be hired because she discovered that he had financial problems and associated with people engaged in shady activities. The Group overrode her recommendation about Craft, suffered the consequences, and was determined not to make that mistake again. This has nothing to do with sex. McCurdy points to Craft as a comparator treated more favorably, but employers are entitled to learn from their errors. Given Agent Braddy's uncontested testimony that she investigated McCurdy exactly as she investigates men who apply to be inspectors, and McCurdy's concession that Braddy's findings constitute sex-neutral reasons for not hiring her, summary judgment was proper.

This brings us to McCurdy's contention that a man would have taken the inspector's job pending Braddy's investigation. McCurdy contends that she lost the difference between her deputy's salary and an inspector's salary during that interval. Defendants reply that there was no difference—that a person receives the salary of her existing position until a promotion or new appointment becomes final. McCurdy replies that this is wrong and that her income would have been higher in the interim.

The district court did not resolve this dispute, and the record on appeal does not enable us to say which side is correct. Nor did the district court address McCurdy's contention that keeping her in the deputy's job pending the background check was an instance of sex discrimination. McCurdy contends that every man who has been selected for an inspector's position with the Group has been transferred to that job (and given its salary) immediately—though subject to final

approval after the background check. Defendants concede that this is so. They contend that McCurdy's transfer was delayed not because she is female but because she was needed in the Sheriff's Department until her replacement could be hired.

The district court needs to determine whether there is a material dispute of fact about either the defendants' explanation for delaying McCurdy's transfer or the salary she would have received had she been promoted conditionally. If the salaries would have been identical, or if any reasonable trier of fact would be bound to conclude that the delay was unrelated to sex, then defendants are entitled to prevail, but otherwise this subject requires a trial.

The judgment of the district court is affirmed to the extent it rejects McCurdy's hiring theory but vacated to the extent it rejects her delay theory, and the case is remanded for further proceedings consistent with this opinion.